can determine whether the delay of the Veterans' Bureau in passing upon the appellee's claim was or was not the equivalent of a denial of the claim and a disagreement under the statute: It is ordered that the judgment be reversed and the cause remanded. Berntsen v. United States (C.C.A.) 41 F.(2d) 663; United States v. Densmore (C.C.A.) 58 F.(2d) 748; Griffin v. United States (C.C.A.) 60 F.(2d) 339; United States v. Alberty (C.C.A.) 63 F. (2d) 965; Fouts v. United States (C.C.A.) 67 F.(2d) 249; Stallman v. United States (C.C.A.) 67 F.(2d) 675; Ginochio v. United States (C.C.A.) 74 F.(2d) 42; United States v. McLean, 95 U.S. 750, 753, 24 L. Ed. 579. Upon remand the appellee will be permitted to amend his petition to show the necessary jurisdictional facts and thereafter to proceed to a retrial of the cause.

Judgment of District Court reversed.

Langford & McKay, of Cookeville, Tenn., and Harry L. Page, of Gainesboro, Tenn., for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

PER CURIAM.

It appearing, upon a consideration of this cause, that there was substantial evidence upon which to submit to the jury the issue as to whether the deceased became permanently and totally disabled during the life of the policy sued on, and it further appearing that the error of the court in admitting in evidence the letter of the Veterans' Administration awarding compensation to the deceased for a "service connected tubercular condition" was not prejudicial to the appellant in view of the other evidence in the case.

It is ordered that the judgment be, and it is hereby, affirmed.

## UNITED STATES v. BILBREY.
### No. 7016.

Circuit Court of Appeals, Sixth Circuit.
April 15, 1936.

Horace Frierson, Jr., U. S. Atty., of Nashville, Tenn.

## UNITED STATES v. POINTER.
### No. 6988.

Circuit Court of Appeals, Sixth Circuit.
April 13, 1936.

Horace Frierson, Jr., U. S. Atty., of Nashville, Tenn.